LEO J. POWERS *vs.* DISTRICT COURT OF SOUTHERN ESSEX. April 8, 1974. The petitioner's discharge from his employment with the department of public works of the city of Lynn was affirmed by the Civil Service Commission (G. L. c. 31, § 43) and by the District Court (G. L. c. 31, § 45). On petition for a writ of certiorari in the Superior Court, and in this court, the petitioner contends that it was a violation of § 43(c) for the Commission's hearing officer to permit him to be represented by one Dobbins, his fellow employee and president of his union local, that the alleged error was prejudicial because Dobbins (a layman) had a conflict of interest and incompetently represented him, and that the procedural error alleged rendered the proceedings before the commission void. We hold that the right acknowledged by § 43(c) to representation by counsel is one which may be waived; that even if representation by a layman in a civil service hearing is a violation of law, the error was of the petitioner's own doing; and that the District Court was not plainly wrong in holding that the petitioner waived his right to representation by a lawyer. The petitioner cites no authority, nor have we found any,

for the propositions that the administrative hearing officer was obliged to "make certain that [the petitioner's] . . . waiver of counsel is understandingly and wisely made" (*Von Moltke* v. *Gillies*, 322 U. S. 708, 724 [1948]), and that the record must affirmatively demonstrate such knowing waiver. "Proceedings for discharge of persons in the classified service are often conducted by laymen. The requirements of substantial justice must be observed, but the technical accuracy of indictment and trial in a criminal court cannot be expected." *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 577 (1948), and cases cited. The petitioner has failed to demonstrate any abuse of discretion by the District Court in denying leave to present additional evidence before the commission.

*Order dismissing petition affirmed.*

*Kenneth C. Roy* for the petitioner.
*Edward D. Kalman,* Assistant Attorney General, for the respondent.